UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DANIEL CAPE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 1:17-CV-0375 TLS |
| LAGRANGE COUNTY SHERIFFS DEPARTMENT/COUNTY JAIL, | ) ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Daniel Cape, a prisoner without a lawyer, filed a complaint which was removed from State Court because it is attempting to raise a federal claim. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Cape alleges the LaGrange County Jail has an inadequate law library. However, there is no "abstract, freestanding right to a law library [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, to state a claim for a denial of access to the courts, a prisoner must demonstrate that "state action hindered his or her efforts to

pursue a nonfrivolous legal claim and that the plaintiff suffered some actual concrete injury." *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000). However, State actors have no duty to assure that prisoners can litigate claims effectively once they have been raised in court. The right to access, goes no further than access.

> It must be acknowledged that several statements in *Bounds* went beyond the right of access recognized in the earlier cases on which it relied, which was a right to bring to court a grievance that the inmate wished to present . . .. These statements appear to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court. . .. These elaborations upon the right of access to the courts have no antecedent in our pre-*Bounds* cases, and we now disclaim them.

*Lewis*, 518 U.S. at 354. *Lewis* only requires that an inmate be given access to file a complaint or appeal. As the Seventh Circuit has explained, "[t]he right of access to the courts protects prisoners from being shut out of court, it does not exist to enable the prisoner to litigate effectively once in court." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007) (en banc) (quotation marks, citations and ellipsis omitted).

Here, Cape has not provided any information about how he was prevented from filing a case or appeal. Neither has he explained what actual concrete injury he suffered. Therefore, this complaint does not state a claim. Though it seems unlikely that he suffered injuries which he forgot to mention in this complaint, he will nevertheless be given the opportunity to file an amended complaint if he has additional facts to add. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) and send it to Daniel Cape;

(2) **GRANTS** Daniel Cape until **November 16, 2017**, to file an amended complaint on that form; and

(3) **CAUTIONS** Daniel Cape that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on October 2, 2017.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT