# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| DANIEL CAPE, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CAUSE NO.: 1:17-CV-375-TLS |
| LAGRANGE COUNTY SHERIFFS DEPARTMENT/COUNTY JAIL, | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Daniel Cape, a pro se prisoner, filed an Amended Complaint [ECF No. 7] after the Court found that his original Complaint [ECF No. 2] did not state a claim [ECF No. 5]. In his Amended Complaint, he again alleges the LaGrange County Jail had an inadequate law library. However, there is no "abstract, freestanding right to a law library [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). To state a claim for a denial of access to the courts, a prisoner must demonstrate that "state action hindered his or her efforts to pursue a nonfrivolous legal claim and that the plaintiff suffered some actual concrete injury." *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000). Moreover, state actors have no duty to assure that prisoners can litigate claims effectively once they have been raised in court. The right to access goes no further than access. *Lewis* only requires that an inmate be given access to file a complaint or appeal. As the Seventh Circuit has explained, "[t]he right of access to the courts protects prisoners from being shut out of court, it does not exist to enable the prisoner to litigate effectively once in court." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007) (en banc) (quotation marks, citations, and ellipsis omitted).

Here, the original Complaint did not state a claim because Cape had not identified any nonfrivolous case or appeal which he was unable to file. He had not identified any concrete injury proximately caused by his inability to pursue a nonfrivolous case or appeal. He was permitted to file an amended complaint so that he could specifically identify such a case or appeal. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). He filed an Amended Complaint, but he still has not identified a nonfrivolous case or appeal he was unable to file nor any concrete injury that he suffered as a result. Therefore, the Amended Complaint does not state a claim either.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because the Amended Complaint does not state a claim.

SO ORDERED on March 7, 2018.

s/Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT